UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN LANELL TRIPPLETT,

        Petitioner,

                                CASE NO. 2:07-CV-14876

      v.                         JUDGE DAVID M. LAWSON
                                MAGISTRATE JUDGE PAUL J. KOMIVES

GREG McQUIGGIN,

        Respondent. [1]

_____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.    <u>REPORT</u>:

A.    *Procedural History*

    1.    Petitioner Adrian Lanell Tripplett is a state prisoner, currently confined at the Straits Correctional Facility in Kincheloe, Michigan.

    2.    On March 14, 2005, petitioner was convicted of second degree murder, MICH. COMP. LAWS § 750.317, and felony firearm, MICH. COMP. LAWS § 750.227b, following a jury trial in the Genesee County Circuit Court. On April 7, 2005, he was sentenced to a term of 270 months to 50 years imprisonment.

    3.    Petitioner filed a delayed application for leave to appeal in the Michigan Court of

---

[1] By order entered on this date, Greg McQuiggin has been substituted in place of Cindi Curtin as the proper respondent in this action.

Appeals raising, through counsel, the following claim:

> I.    THE COURT SENTENCED PETITIONER-APPELLANT FOR
> SECOND DEGREE MURDER BASED UPON IMPROPER JUDICIAL
> FACT-FINDING, IN VIOLATION OF HIS FEDERAL AND STATE
> CONSTITUTIONAL RIGHTS TO A JURY TRIAL UNDER BLAKELY
> V. WASHINGTON, AND THE CASE MUST BE REMANDED FOR A
> RESENTENCING.

The court of appeals denied petitioner's application for leave to appeal. *See People v. Triplett*, No. 269580 (Mich. Ct. App. 2006).

4.      Petitioner, proceeding *pro per*, sought leave to appeal this issue to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Triplett*, 477 Mich. 942, 723 N.W.2d 819 (Mich. 2006).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on November 13, 2007.  As grounds for the writ of habeas corpus, he raises the one claim that he raised in the state courts.

6.      Respondent filed his answer on May 14, 2008.  He contends that petitioner's claim is without merit and should be denied under habeas review.

B.    *Factual Background Underlying Petitioner's Conviction*

After initially being charged with armed robbery and felony murder, petitioner pled guilty to second-degree murder and felony firearm pursuant to a plea agreement.  He was sentenced to serve a minimum of 270 months to a maximum of 50 years for the second-degree murder charge and two years consecutive to the time served for the second-degree murder conviction for the felony firearm conviction.  The sentencing judge added to the minimum sentence by finding facts beyond those admitted by the defendant but did not exceed the maximum sentence imposed by law for the crimes pled to by petitioner.

2

C.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed

by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27

(1997).   Amongst other amendments, the AEDPA amended the substantive standards for

granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning."

*Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts

that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16

(2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S.

3, 8 (2002); *Bell*, 535 U.S. at 694.   "[T]he 'unreasonable application' prong of § 2254(d)(1)

permits a federal habeas court to 'grant the writ if the state court identifies the correct governing

legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of

3

petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also, Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also, Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also, Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness

4

of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.     *Analysis*

Petitioner contends that his sentence violated his Sixth Amendment right to a jury trial because it was based on facts neither admitted by him nor found by a jury beyond a reasonable doubt.  The Court should conclude that this claim is without merit and should therefore deny petitioner's application for the writ of habeas corpus.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  Applying the ruling in *Apprendi* to a determinate state sentencing guideline scheme in *Blakely v. Washington*, 542 U.S. 296 (2004), the Court struck down the scheme as a violation of the Sixth Amendment.  The Court explained that, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 542 U.S. at 303-304 (citations omitted) (emphasis in original).  There, petitioner pled guilty to kidnapping.  The facts admitted in his plea supported a maximum sentence of 53 months, but, pursuant to state law, the court sentenced him to 90 months after the judge determined he had acted with "deliberate cruelty." *Id* at 298.

5

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court took *Blakely* one step further and struck down the mandatory provision of the Federal Sentencing Guidelines as a violation of the Sixth Amendment under *Apprendi*. In concluding that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing Guidelines at issue in *Booker*, the Court reasoned that, "[a]s *Blakely's* dissenting opinions recognized, there is no constitutionally significant distinction between the Guidelines and the Washington procedure at issue in that case." *Booker*, 543 U.S. at 221. Both were mandatory determinate sentencing schemes in which the judge was given discretion to increase the statutory maximum sentence given to a defendant through judicial fact-finding. Under *Booker* the Federal Sentencing Guidelines remain advisory, but a judge is not required to follow them when imposing a sentence.

Petitioner contends that, because the judge made determinations beyond those found by the jury or admitted in his plea during sentencing, his sentence violates *Blakely*. The Court should deny petitioner's application for the writ of habeas corpus on this claim. The rulings in *Booker* and *Blakely* apply only to determinate sentencing schemes like the ones at issue in those two cases, where the judge has been authorized by law to increase the statutory maximum sentence allowed by the jury's findings based on judicial fact-finding. Michigan law, on the other hand, provides for an indeterminate sentencing scheme, "in which the defendant is given a sentence with a minimum and a maximum. The maximum is not determined by the trial judge but is set by law. The minimum is based on guideline ranges…The trial judge sets the minimum but can never exceed the maximum." *People v. Claypool*, 470 Mich. 715 at 730.

The Michigan sentencing guideline scheme used in sentencing petitioner is, therefore, not affected by the ruling in *Blakely*. The scheme at issue and struck down there authorized the

judge to increase the maximum penalty to a defendant beyond that authorized by the jury's determinations and the defendant's plea. The Michigan sentencing guidelines only allow the judge discretion to determine the defendant's minimum sentence and in no way authorize the judge to increase the maximum penalty, which is always provided by law. *See Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14; MICH. COMP. LAWS § 769.8. The jury's findings of fact and the defendant's plea, therefore, always authorize the court to impose the statutory maximum on that charge. "Thus, the trial court's power to impose a sentence is always derived from the jury's verdict, because the 'maximum-minimum' sentence will always fall within the range authorized by the jury's verdict." *People v. Drohan*, 475 Mich. 140 at 162. The court in *Drohan* explained that,

> In short, the Sixth Amendment ensures that a defendant will not be incarcerated for a term longer than that authorized by the jury upon a finding of guilt beyond a reasonable doubt. However, the Sixth Amendment does not entitle a defendant to a sentence below that statutory maximum. Rather, under the Sixth Amendment, the jury effectively sets the outer limits of a sentence and the trial court is then permitted "to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute."

*Drohan*, 475 Mich. at 163.

In *Harris v. United States*, 536 U.S. 545 (2002), the Supreme Court also stated that indeterminate sentencing schemes like that in Michigan are not subject to the ruling in *Blakely* and do not offend the Sixth Amendment. In agreement with the holding in *Apprendi* that a judicial extension of the statutory maximum sentence violates the Constitution, the court stated that, "[t]he same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding." *Harris*, 536 U.S. at 557. The Court reiterated

this distinction in *Blakely*:

> the Sixth Amendment by its terms is not a limitation on judicial power.  It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury.  Indeterminate sentencing does not do so…Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion.  But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence – and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.

*Blakely*, 542 U.S. at 308-09.

Based on this reasoning, Michigan's indeterminate sentencing scheme used by the judge in determining petitioner's sentence is not subject to the ruling in *Blakely* and does not violate the Sixth Amendment.  The scheme only allows judicial fact-finding to increase the minimum sentence, while the statutory maximum remains constant by law. *See Bellamy v. Curtin*, No. 1:06-CV-599, 2007 WL 527988, at *4 (W.D. Mich. Feb. 14, 2007); *Mays v. Trombley*, No. 2:06-CV-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006) (Hood, J.); *Worley v. Palmer*, No. 2:06-CV-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006) (Cohn, J.); *Toothman v. Davis*, No. 05-CV-74561, 2006 WL 2190515, at *2 (E.D. Mich. Aug. 1, 2006) (Edmunds, J.); *Drohan*, 475 Mich. at 164, 715 N.W.2d at 791-92; *Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14.

Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his sentencing claim.

E.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny

petitioner's application for the writ of habeas corpus.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:June18,2009

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail and to Adrian Tripplett at Straits Correctional Facility on June 18, 2009.

s/Eddrey Butts