UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN LANELL TRIPPLETT,

                    Petitioner,                       Case No. 07-14876
                                                                  Hon. David M. Lawson

v.

GREG McQUIGGIN,

                    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Adrian Tripplett, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions of second degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. The matter was referred to Magistrate Judge Paul J. Komives for general case management, and the magistrate judge filed his report on June 18, 2009 recommending that the petition be denied. The petitioner timely filed objections, and the matter is now before the Court for *de novo* review. After reviewing the report, the petitioner's objections thereto, and the other materials on file, the Court concludes that the magistrate judge correctly analyzed the issues raised by the petition and appropriately recommended denial of the petition. Therefore, the Court will overrule the objections, adopt the report and recommendation, and deny the petition.

I.

The magistrate judge thoroughly reviewed the facts of the case, and neither party has objected to his summary. There is no need to repeat those facts here, except to say that the petitioner was initially charged with armed robbery, Mich. Comp. Laws § 750.529, first-degree felony murder,

Mich. Comp. Laws § 750.316(1)(b), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b, in the Genesee County, Michigan circuit court. Pursuant to a plea agreement, the prosecutor added a count of second-degree murder and agreed to dismiss the armed robbery and first-degree murder charges in exchange for the petitioner's guilty plea. On March 14, 2005 the petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. The petitioner was sentenced to 270 months to 50 years for the murder conviction and a consecutive two-year term for the firearm conviction.

The petitioner filed a delayed application in the Michigan Court of Appeals challenging only the sentencing proceeding. He alleged that the sentencing judge used forbidden information to calculate the state sentencing guideline range because those facts were not admitted by him or determined by a jury. The court of appeals denied the application in a summary order, *People v. Tripplett*, No. 269580 (Mich. Ct. App. June 1, 2006), and the state supreme court followed suit, 477 Mich. 942, 723 N.W.2d 819 (2006) (table).

The petitioner filed a timely petition for habeas corpus relief in this Court, and the respondent filed an answer in opposition. After referral, the magistrate judge filed a report recommending that the petition be denied because the judge-found facts did not impact the maximum sentence to which the petitioner was exposed by his guilty plea. The petitioner timely objected on the grounds that under Michigan's indeterminate sentencing structure, the sentencing judge must set both the minimum and maximum term for life-maximum offenses. the petitioner also objected on the grounds that he received ineffective assistance of appellate counsel, a claim he did not raise in his petition.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The petition in this case focuses on the state court's sentencing procedure. The petitioner says that the state court enhanced the offense level under the state's sentencing guideline scheme based on a variety of facts determined only by the judge. The facts included psychological damage

to the murder victim's family, aggravated physical abuse, assuming a leadership role, and having an actual intent to kill.  The petitioner says that using these facts to enhance his minimum sentence contravenes the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  The Court takes the argument as raising two distinct issues: mis-scoring the state court legislative guidelines; and violating the petitioner's Sixth Amendment right to a jury trial.

A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law.  *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  "A federal court may not issue the writ on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Therefore, a claim that the trial court mis-scored offense variables four and ten in determining the state sentencing guidelines is not cognizable on habeas corpus review.  *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).

The claim that the petitioner's sentence was increased based upon facts neither proven to a jury beyond a reasonable doubt nor admitted by him fairs no better.  As noted, the petitioner believes that *Blakely* and *Apprendi* support his claimed Sixth Amendment violation.  However, the claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence.  But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to

-4-

judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). This Court is bound by that decision.

Under state law, the petitioner's minimum sentence for second-degree murder was less than the maximum sentence authorized by state law, which was life in prison with the possibility of parole.  Because the petitioner's sentence fell within the statutorily-authorized *maximum* penalty, which was not enhanced by judicial fact finding, no Sixth Amendment violation occurred.

The petitioner's argument that he received ineffective assistance of appellate counsel does not address the magistrate judge's report and recommendation.  The claim was not raised in the petition, and therefore it is not properly before the Court.

III.

The Court agrees with the magistrate judge's statements of the law and his analysis.  The petitioner's objections do not have merit.  The magistrate judge correctly concluded that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's Report and Recommendation [dkt #13] are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation [dkt #12] is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 3, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL